# In the United States Court of Federal Claims

No. 25-312
Filed: April 18, 2025[†]
Published: June 4, 2025

---

**HYDRAULICS INTERNATIONAL, INC.,**

        *Plaintiff,*

**v.**

**THE UNITED STATES,**

        *Defendant,*

**and**

**SUN TEST SYSTEMS, INC.,**

        *Defendant-Intervenor.*

---

## ORDER

On March 21, 2025, Plaintiff, Hydraulics International, Inc. ("HII"), moved to supplement the Administrative Record ("AR"), (Pl.'s Mot., ECF No. 44; Pl.'s Memo, ECF No. 45), with: (1) "the results of an evaluation report[;]" (2) a deposition of "the individual who conducted that evaluation[;]" and (3) an "expert opinion of an independent expert . . . that would help the Court analyze the numerous shortcomings of the STS AGPU 1.1 . . . ." (Pl.'s Memo at 1). The United States and the Defendant-Intervenor, Sun Test Systems, Inc. ("Sun Test"), object. (*See* Def.'s Resp., ECF No. 50; Def.-Interv.'s Resp., ECF No. 49). HII has not met its burden to demonstrate that the proposed supplements are necessary for effective judicial review.

In a bid protest action, the reviewing court must apply the appropriate APA standard of review, 5 U.S.C. § 706. *See* 28 U.S.C. § 1491(b)(4); *Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1350 (Fed. Cir. 2004). Under this standard, the Court is limited to examining the AR presented by the agency, rather than exercising its own *de novo* review. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009). "The purpose of limiting review to the record actually before the agency is to guard against courts using new evidence to 'convert the

---

[†] This Order was originally issued under seal on April 18, 2025, (ECF No. 59). The Court provided parties the opportunity to submit proposed redactions. In a Joint Status Report filed May 2, 2025, (ECF No. 67), the parties indicated that no redactions were required.

"arbitrary and capricious" standard into effectively de novo review.'" *Axiom*, 564 F.3d at 1380 (quoting *Murakami v. United States*, 46 Fed. Cl. 731, 735 (2000), *aff'd*, 398 F.3d 1342 (Fed. Cir. 2005)). Therefore "supplementation of the record should be limited to cases in which 'the omission of extra-record evidence precludes effective judicial review.'" *Axiom*, 564 F.3d at 1379–80 (quoting *Murakami*, 46 Fed. Cl. at 735).

The United States' "designation of an [AR] is entitled to a presumption of completeness." *CAN Softtech, Inc. v. United States*, 173 Fed. Cl. 480 (2024), *reconsideration denied*, 174 Fed. Cl. 412, 485 (2024) (citing *Poplar Point RBBR, LLC v. United States*, 145 Fed. Cl. 489, 494 (2019)). Therefore, to succeed on a motion to supplement, the movant must demonstrate that the additional materials are necessary for the Court to effectively review the record. *Bear Mountainside Realty LLC v. United States*, No. 23-457, 2023 WL 4399993, at *3 (Fed. Cl. July 7, 2023); *Axiom*, 564 F.3d at 1380. Bid protest plaintiffs do not have an "unfettered right to submit declarations giving its commentary on every aspect of the . . . process, and to have those declarations included in the administrative record." *L-3 Comms. EOTech, Inc. v. United States*, 87 Fed. Cl. 656, 672 (2009).

HII's first and second requests are to supplement the AR with an evaluation report conducted by an Army contractor, Mathew Boenker ("Mr. Boenker"), and a deposition of Mr. Boenker. (Pl.'s Memo at 5–6; *see* Def.'s Resp. at 5). The Army has confirmed that no such evaluation report exists. (Def.'s Resp. at 3). Nonetheless, HII argues that HII CEO Bahman Seifollahi ("Mr. Seifollahi") spoke with Mr. Boenker in May 2023, who stated that the Army had "disqualified and disapproved of the AGPU 1.1 for a number of reasons." (*Id.*; AR 15581–15582). HII also alleges that a Court-ordered deposition of Mr. Boenker is necessary to understand the scope of Mr. Boenker's nonexistent evaluation report. (Pl.'s Memo at 6). According to Sun Test, Mr. Boenker conducted nothing more than a "desktop evaluation" of the air filters of the AGPU 1.1 systems. (Def.-Interv. Resp. at 3–4). The deposition of Mr. Boenker was not before the agency at the time it made its decision in this matter, and the Court will not usurp the deferential standards set forth by the APA. The supposed evaluation of the AGPU air filters conducted by a government contractor is not essential for the effective judicial review.

HII's third ask is to supplement the AR with an expert report of Karen Rayment ("Ms. Rayment"). (Pl.'s Memo at 3). Ms. Rayment's opinion would allegedly "describe[] the technical effects of the Government changing the length of cable requirements from those listed in the [Product Item Description] . . . ." (*Id.*). Ms. Rayment's opinion is not "necessary for a full understanding" of the effects of the agency's decision making, (Pl.'s Memo at 6), or that it is essential to "fill the gap in the [AR]" (Pl.'s Reply, ECF No. 55). In its Response, the United States cites *Orion Tech., Inc. v. United States*, 101 Fed. Cl. 492, 492 (2011) "for the proposition that 'it would be nonsensical for [the court] to consider or adopt an opinion from a putative expert attempting to . . . substitute his judgment for that of the agency.'" (Def.'s Resp. at 7). The Court echoes that sentiment. Similar to Mr. Broeker's alleged evaluation, including Ms. Rayment's expert opinion in the AR would teeter on the edge of *de novo* review. Plaintiff does not meet the heavy burden to demonstrate that Ms. Rayment's opinion is necessary for a meaningful evaluation of the issues, and the Court will not endeavor to accept "commentary on every aspect" of the relevant facts. *L-3 Comms.*, 87 Fed. Cl. at 672.

Therefore, Plaintiff's Motion to Supplement the Administrative Record, (ECF No. 44), is **DENIED**. The Court **ORDERS** the parties to meet and confer and file a Joint Status Report proposing redactions to this Order **fourteen (14) days** after the entry of this Order.

**IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge